## SUPERIOR COURT

Universal Winding Co.
vs.          } Eq. No. 6269
Providence Engineering Co.

RESCRIPT

May 13, 1925

TANNER, P. J. This action is heard upon the petition of receiver, appointed in the above entitled case, for instructions. The question involved in determining said instructions is whether or not the Providence Engineering Company is still entitled to operate under the license or assignment from one Charles A. Widmer and to continue to manufacture drilling machines under the patents owned by said Charles A. Widnmer.

. The question at law involved in determining said instructions is whether or not said license or assignment could have been terminated by mutual consent of the parties without any formal written agreement.

Upon an examination of the authorities cited by the parties we are of the opinion that the parties could by mutual consent have terminated said license or assignment without formal written agreeemnt.

The second question is whether or not said license or assignment of said patents was terminated by mutual consent without formal written agreement.

This question is one that is perhaps difficult to decide, but upon consideration of the testimony and of the exhibits we have come to the conclusion that said license or assignment was not terminated by mutual consent. It is true that said Widmer gave written notice to the Providence Engineering Company that he did cancel said license or assignment, but we can not determine from the testimony that the Providence Engineering Company or the receiver ever signified its assent to such cancellation. The attitude of the Providence Engineering Company was expressed by the words of its President, Mr. Hussey, in his deposition, in which he said he thought it was best to let sleeping dogs lie.

We do not think that the Downey Engineering Company was in a position to claim an estoppel. Mr. Downey of the Downey Engineering Company was a director and officer of the Providence Engineering Company and knew the whole situation as to the continued existence of the license or assignment to the Providence Engineering Company.

We must, therefore, answer the first question, that said contract, Exhibit A of the petition, has not been cancelled.

The second question is answered in the affirmative.

The third question is answered in the affirmative.

The fourth question is answered in the negative.

The fifth question is answered in the affirmative.

The sixth question is answered in the affirmative.

As to the petition of Widmer to be allowed to sue the receiver in the United States Court, if the authorities cited by the counsel for Widmer are correct, he is entitled to bring suit in the United States Court without any authority from this court. If the

assent of this court was necessary to bring such suit, we should say that we would not think it advisable to grant such assent until this present decision has been reviewed by the Supreme Court.

Decree may be entered in accordance with this rescript.

For Complainant: Knauer & Fowler.

For Respondent: Green, Curran & Hart.